UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-02077-CAS(AGRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY v. DELL ROSE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS DELL ROSE AND DOROTHY ROSE'S MOTION TO SET ASIDE DEFAULT (Dkt. 28, filed November 16, 2016)

(IN CHAMBERS) PLAINTIFF PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT (Dkt. 29, filed November 27, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 9, 2017 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On March 28, 2016, plaintiff Penn Treaty Network America Life Insurance Company filed the instant action against defendants Dorothy Rose and Dell Rose. Dkt. 1. Plaintiff asserts three claims for: (1) declaratory relief; (2) fraud; (3) and conspiracy to commit fraud. Id. The gravamen of plaintiff's complaint is that defendants fraudulently obtained benefits from plaintiff, which provides comprehensive long-term care insurance.

Plaintiff served defendants with the summons and complaint in this action on April 4, 2016. Dkts. 10, 11. Pursuant to the parties' agreement, the Court ordered defendants to file their responsive pleadings on October 17, 2016. See dkts. 13, 14. Defendants do not dispute that they were served with the complaint, however they have not filed an answer. Plaintiff requested entry of default on October 25 and 27, 2016. Dkts. 20, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02077-CAS(AGRx) | Date | December 27, 2016 |
| Title | PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY v. DELL ROSE ET AL. | | |

On October 27 and November 1, 2016, the Clerk of the Court entered default against Dell Rose and Dorothy Rose. Dkts. 21, 25.

On November 16, 2016, defendants moved to set aside the entries of default. Dkt. 28. ("Motion"). On November 17, 2016, plaintiff filed a motion for default judgment against both defendants. Dkt. 29. On December 19, 2016, plaintiff filed an opposition to defendants' motion to set aside the defaults entered against them. Dkt. 34 ("Opp'n").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default "for good cause." The Court considers three elements when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default, (2) whether defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice plaintiff. TCI Grp. Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)), overruled on other grounds by Egelhoff v. Egelhoff Ex rel. Breiner, 532 U.S. 141, 147 (2001). As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." James M. Wagstaffe, Federal Civil Procedure Before Trial § 6-A (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945–46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Grp. Life Ins. Plan, 244 F.3d at 696.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-02077-CAS(AGRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY v. DELL ROSE ET AL. | | |

### III. DISCUSSION

#### A. Culpable Conduct

It appears that the default was not the result of defendants' culpable conduct. A movant's conduct is culpable if he or she acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." TCI Grp. Life Ins. Plan, 244 F.3d at 697. However, where a defendant presents a "good faith explanation," failure to respond does not, on its own, amount to culpable conduct. Id.

Defendants contend that they failed to answer plaintiff's complaint because their counsel inadvertently failed to calendar the deadline for filing a responsive pleading. Motion at 4. Defendants' counsel stated: "Unfortunately, I failed to calendar the date, and I spent much of the month of October traveling out of State to attend to proceedings involving other clients." Dkt. 28-2 ("Cohn Decl.") ¶ 9. As plaintiff points out, the Ninth Circuit upheld a district court's denial of a motion to set aside a default *judgment* where the defendant failed to file an answer despite actual or constructive notice of the filing of the action. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004). However, this Court retains broad discretion to overturn an entry of default and this discretion is "more liberally applied" where, as here, a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). Signed Pers. Check No. 730, 615 F.3d at 1091, n.1. Accordingly, the Court concludes that defendants' failure to respond did not evidence any intent to take advantage of plaintiff or to otherwise manipulate the legal process. Therefore, the Court finds that defendants did not act culpably.

#### B. Meritorious Defense

Defendants may have a meritorious defense in this action. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Grp. Life Ins. Plan, 244 F.3d at 700 (citations omitted); see also Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (A defendant moving to set aside a default must show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02077-CAS(AGRx) | Date | December 27, 2016 |
| Title | PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY v. DELL ROSE ET AL. | | |

On or about September 27, 2016, plaintiff sent a letter to defendants stating that the Pennsylvania Insurance Commissioner had filed paperwork to liquidate plaintiff and that insurance company protection is typically provided by the guaranty association in the state of the insured's residence at the time of liquidation. Cohn Decl. ¶ 10. Defendants contend that when plaintiff is liquidated, its rights and responsibilities will be shifted to the California Life and Health Insurance Guarantee Association ("CLHIGA"). Motion at 5. When CLHIGA, a California citizen, becomes the real party interest, defendants argue that complete diversity will be destroyed and defendants intend to file a motion to dismiss for lack of subject matter jurisdiction. Id. The Court finds that these allegations could form the basis of a defense based on lack of jurisdiction. Accordingly, at this stage, the Court finds that the allegations in defendants' motion are sufficient to demonstrate the possibility of a meritorious defense.

### C.   Prejudice to Plaintiff

Finally, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI Grp. Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Examples of tangible harm to a non-movant include loss of evidence or heightened discovery burdens. Id. (citing Thompson v. American Home Assurance Co., 95 F.3d 429, 433–34 (6th Cir. 1996)). No such hardship exists here. Plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Nothing suggests that plaintiff's pursuit of this action will be hindered or prejudicially delayed should the Court set aside the default.

Accordingly, at this stage, and in light of the principle that cases should be decided on their merits, the Court finds that defendants have satisfied all three of the elements required to set aside the default.

### V.   CONCLUSION

In accordance with the foregoing, the Court vacates the defaults entered against defendants subject to defendants' filing a responsive pleading within 14 days of the date

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-02077-CAS(AGRx) | Date | December 27, 2016 |
|---|---|---|---|
| Title | PENN TREATY NETWORK AMERICA LIFE INSURANCE COMPANY v. DELL ROSE ET AL. | | |

of this order. The Court therefore **DENIES** as moot plaintiff's motion for default judgment. The Court directs defendants to file responsive pleadings forthwith.

    IT IS SO ORDERED.

                                                                                                                                      00 : 00

Initials of Preparer        CMJ